(100 App. Div. 17)

### HOHMAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. December 7, 1904.)

1. RAILROADS—HIGHWAY CROSSINGS—NUISANCE.

A railroad company crossed a highway which was not a main thorough-fare, and between the rails placed planks 11 to 12 feet long, filling the spaces between with cinders. The highway on either side of the crossing was practically level, and plaintiff, while driving over the crossing in the daytime, was injured by his horse taking fright at a freight car standing just at the margin of the highway. *Held* that, defendant having properly constructed the crossing, the presence of the freight car did not authorize a recovery on the ground that the crossing was thereby rendered a nuisance.

Appeal from Trial Term, Oswego County.

Action by Agnes M. Hohman against the New York Central & Hudson River Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Purcell, Walker & Burns, for appellant.
John W. Shea, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event, upon questions of law only; the facts having been examined, and no errors found therein.

The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligent and wrongful acts of the defendant. The court refused to submit the question of defendant's negligence to the jury, but submitted the question of the defendant's wrongful act—the maintenance of a nuisance—to the jury, and a verdict was rendered for the plaintiff. We think there was no basis in the evidence for the submission of this question, or the finding by the jury that the accident was the result of the maintenance of a nuisance by the defendant at the time and place of the accident. The case of McKinney against this same defendant, reported in this court (66 App. Div. 207, 73 N. Y. Supp. 48), and affirmed without opinion (174 N. Y. 516, 66 N. E. 1112), involved an accident occurring at this same crossing. That action, like the present one, was brought for negligence and wrong in maintaining a nuisance. The condition of the crossing itself was the same in both cases, and there was no substantial difference in the surroundings. In that case the horse took fright at the escape of steam from an engine near the crossing. In this case the fright of the horse was caused by a freight car standing just at the margin of the highway. In that case the plaintiff was riding in a cutter after dark. In this case the plaintiff was riding in a wagon in the daylight. We held in that case that the crossing was reasonably safe; that the defendant was guilty of no neglect of duty in keeping it in such reasonably safe condition. We are unable to see how it can be held, as it was by

the trial court, that while there was no negligence as to the crossing—while it was kept in reasonably safe condition for public travel—the jury might nevertheless find it to be a nuisance. If the defendant had performed its full duty as to this crossing, its condition clearly was not a nuisance; and, if the crossing itself was not a nuisance, the presence of the freight car just at the margin of the street did not make it a nuisance. The McKinney Case, having been affirmed by the Court of Appeals, should have been followed by the trial court in this case, and must be followed by this court on appeal. The judgment and order should therefore be reversed, and a new trial granted.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein. All concur.